### Cleveland, C., C. & St. L. Ry. Co. v. Oscar Bonnett.

1. VERDICTS—*When Conclusive.*—When, by the instructions given, the issue is clearly presented to the jury, and the law applicable to the case, upon the evidence, fully and fairly stated, the verdict must be held as a settlement of the matter.

**Action for Killing Domestic Animals.**—Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 6, 1895.

F. Y. HAMILTON, attorney for appellant; JOHN T. DYE, of counsel.

WELTY & STERLING, attorneys for appellee.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

On appeal from a justice of the peace appellee obtained a verdict and judgment for $118, being for three steers that got on appellant's railroad through defect of fence, and were killed by a freight train, and for attorney's fees for services in both courts.

Appellee lived on a farm two miles southeast of LeRoy, with a pasture leased of his father, extending sixty rods along and adjoining the right of way. On the afternoon of June 28, 1894, appellant's servants took out the fence between them for the purpose of building a new one, but went no further than to put in the new posts and nail on two wires on that day. During the following night the steers escaped and were killed.

The only question presented by the record is whether appellee had agreed with appellant's fence foreman, or given him fairly to understand that he would take his stock out of the pasture for that night. Upon that question there was a conflict of evidence. The foreman's testimony was in substance, that on the morning of the 27th he met appellee's father in LeRoy, and supposing that he occupied the pasture, told him they were coming on the next day to build him a new fence, and as they might not finish it in one day the stock should be removed, to which Mr. Bonnett replied that his son occupied it, but he was going out there that evening and would have them remove it; that on the afternoon of the next day they went out for that purpose; that about four o'clock he walked out into the pasture to see if any stock was there, but it was rolling and part in thicket, so that he couldn't see all over it. However, he saw no stock there. There was also evidence tending to prove that on the next morning appellant, at the place where the steers were killed, admitted in the hearing of several persons that his father had notified him that they would build on the 28th. Mr. Bonnett, Sr., testified that the foreman said they were coming to build in a day or two, but did not fix the day; that he so told appellee, who then said he could take the stock out for one night if they notified him when they would put up the fence.

Appellee corroborated his father as to what the latter told him, and stated that about nine or ten o'clock in the morning of the 28th he went into the pasture to salt the stock, and seeing nobody about the fence did not go again that day. He positively denied the alleged admissions.

By the instructions given the issue was clearly presented, and the law applicable to the case upon the evidence fully and fairly stated. It was a question for the jury and the conditions were such that their finding must settle it.

Judgment affirmed.